UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARLENE LYON,

       Plaintiff,

v.                                         Case No. 1:11-cv-1104
                                       Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
                                   /

## OPINION

       Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).

       Plaintiff was born on May 11, 1959 (AR 117)[1] and alleged a disability onset date of March 1, 2008 (AR 117).[2] She completed four or more years of college and earned an associates degree in computer technology (AR 38, 148). She had previous employment as a line worker and inspector in an auto factory (AR 49-51,144, 158-65). Plaintiff identified her disabling conditions as left ankle torn ligaments and hypertension (AR 143). Plaintiff stated that she is unable to keep a steady job because she is unable to stand and/or walk for long periods of time, unable to squat, and unable to stay in any position for long periods of time (AR 143). The ALJ reviewed plaintiff's claim

---

[1] Citations to the administrative record will be referenced as (AR "page #").

[2] In a letter to the Administrative Law Judge dated April 7, 2011 (one week after the administrative hearing), counsel stated that plaintiff was willing to amend the onset date "to June 15, 2010 or a few months prior," noting that "by that date she was already 51 years old" (AR 116). However, the decision denying benefits relied on the original onset date of March 1, 2008 (AR 11).

*de novo* and entered a written decision denying benefits on May 12, 2011 (AR 9-18). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. The ALJ initially found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of March 1, 2008 and that she met the insured status requirements under the Act through December 31, 2010 (AR 11). Second, the ALJ found that through the date last insured, plaintiff had severe impairments of: chronic tear of ligament/tendonitis of the left ankle; and, ethanol abuse (AR 11). The ALJ found that plaintiff's impairments of hypertension, obesity, bursitis of the hips and depression were non-severe because they did not cause more than minimal limitation on her ability to work (AR 11-12). While plaintiff testified that she had problems with her left knee, the ALJ found no medical evidence of this condition (AR 11). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 14). In this regard, the ALJ reviewed Listings 1.02 (major dysfunction of a joint(s) (due to any cause)) and 12.09 (substance addiction disorders) (AR 12-13).

The ALJ decided at the fourth step that through the date last insured:

> [T]he claimant had the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b). The claimant is able to lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk for six hours in an eight hour work day and sit for six to eight hours in an eight hour work day. The claimant is unable to use vibrating tools and perform only occasional fine fingering. The claimant is able to climb ladders, ropes and scaffolding and frequently balance occasionally.

(AR 13). The ALJ also found that through the date last insured, plaintiff was capable of performing her past relevant work as an inspector (AR 18). Plaintiff's work as an inspector did not require the performance of work-related activities precluded by her residual functional capacity (RFC) (AR 18). Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the

Social Security Act, at any time from March 1, 2008 (the alleged onset date) through December 31, 2010 (the date last insured) (AR 18).

### III. ANALYSIS

Contrary to the Court's "Notice regarding consent and filing of briefs" (docket no. 7), plaintiff did not set forth a "Statement of Errors." Based upon the plaintiff's initial brief, the court has gleaned five issues for this appeal.

**A. Plaintiff did not have past relevant work as an inspector.**

It is the claimant's burden at the fourth step of the sequential evaluation to show an inability to return to any past relevant work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). To support a finding that a claimant can perform his or her past relevant work, the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job as actually performed or as ordinarily required by employers throughout the national economy. *See Studaway v. Secretary of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir.1987); *see also* 20 C.F.R. § 404.1565.

A VE's testimony is not required when the ALJ determines that a claimant is not disabled at step four of the sequential evaluation. *See Banks v. Massanari*, 258 F.3d 820, 827 (8th Cir.2001) (vocational expert testimony is not required until step five of the sequential analysis); *Parker v. Secretary of Health and Human Servs.*, 935 F.2d 270, 1991 WL 100547 at *3 (6th Cir.1991); *Rivera v. Barnhart*, 239 F.Supp.2d 413, 421 (D.Del.2002). However, the ALJ may use a vocational expert's services in determining whether a claimant can perform his past relevant work. 20 C.F.R. § 404.1560(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either

5

as the claimant actually performed it or as generally performed in the national economy"). *See, e.g., Dukes v. Barnhart*, 436 F.3d 923, 928 (8th Cir.2006) (observing that the ALJ may use a VE's "expert advice" to assist him in deciding whether the claimant can perform his past relevant work at step four of the evaluation).

When the court obtains vocational evidence through the testimony of a VE, the hypothetical questions posed to the VE must accurately portray the claimant's physical and mental limitations. *See Webb v. Commissioner of Social Security*, 368 F.3d 629, 632 (6th Cir. 2004); *Varley*, 820 F.2d at 779. However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Services.*, 927 F.2d 228, 231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Services.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").

Here, plaintiff contends that there is no evidence in the record as to how long she worked as an inspector, no vocational evidence as to how much lifting and standing was involved in such work, and no evidence to establish that she performed the work on a consistent basis. As an initial matter, although plaintiff is now challenging the VE's testimony regarding her past work as an inspector, she did not object to this testimony during the administrative hearing. "The Sixth Circuit, along with other courts across the country, have generally recognized that a claimant's failure to object to testimony offered by a vocational expert, at the time of the administrative proceeding, waives the claimant's right to raise such issues in the district court." *Harris v. Commissioner of Social Security Administration*, No. 1:11-cv-1290, 2012 WL 4434078 at 3 (N.D. Ohio Sept. 24, 2012), citing *Hammond v. Chater*, No. 96-3755, 1997 WL 338719 at *3 (6th Cir.

6

June 18, 1997) (finding the plaintiff's failure to raise objections to the VE's testimony waived the argument on appeal). *See Bechtold v. Massanari*, 152 F.Supp.2d 1340, 1347 (M.D. Fla. 2001) ("[W]hen squarely presented with an opportunity to object to the characterization by the administrative law judge of the nature of her past relevant employment, failed to do so. Such failure constitutes a waiver of her right to raise the argument before this Court at this time.") *Cf. McClanahan v. Commissioner of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006) (stating that "counsel may not now complain" about the substance of the VE's testimony "because he failed to cross examine [the VE] when he had an opportunity to do so" at the administrative hearing); *Helton v. Commissioner*, No. 99-5736, 2000 WL 658056 at *2 (6th Cir. May 9, 2000) (claimant's failure to dispute the VE's competency at the administrative hearing forfeits the issue for purposes of judicial review). *Harper v. Secretary of Health and Human Services*, 978 F.2d 260, 265 (6th Cir. 1992) (in rejecting plaintiff's contention that the agency misled plaintiff about her right to future appeals, court observed that "[b]ecause the record does not indicate that the issue was raised at the administrative level, we are not in a position to consider the issue"). Accordingly, plaintiff waived this claim.

Nevertheless, even if the court considered plaintiff's claim, it is without merit. At the hearing, plaintiff testified that while she worked on the assembly line, her employers would try to stay within her doctor's restrictions (i.e., "no air guns, tork wrenches, repetitive gripping, or . . . I think it was ten pounds or five pounds weight restriction"), that the employer "tried to stay within those restrictions" and that she "was inspections sometimes" (AR 49-51). From this testimony, the ALJ could find that at various times during plaintiff's 23-year history working on the assembly line, her employer tried to give her jobs that fell within the doctor's restrictions, and that those jobs

included performing inspections. Based on plaintiff's testimony that she had "done some inspection," the VE testified that such work "is a semiskilled level and an SVP of four, and light exertion" (AR 56), and that plaintiff could perform the job of inspector if she had the limitations as set forth in the RFC (AR 57-58). Read together, plaintiff's testimony and the VE's opinion establish substantial evidence to support the ALJ's decision that plaintiff had past relevant work as an inspector and that she could perform that job, which, as demonstrated by the ALJ's hypothetical question and the VE's response, was a type of light work. Plaintiff's claim of error will be denied.

### B. The ALJ disregarded Dr. Babu's opinion that plaintiff can perform only sedentary work

The court assumes that plaintiff is referring to the April 6, 2011 medical opinion form completed by Ahmad Babar, M.D. (AR 242-43).[3] A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that

---

[3] The court notes that the signature on the form is illegible.

cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations"). If a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case," then the agency will give the opinion controlling weight. 20 C.F.R. § 404.1527(c)(2) . An ALJ, however, is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). In summary, the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994).

Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

The record contains treating notes for one visit by plaintiff to Dr. Babar on June 15, 2010, when plaintiff complained of pain in both hips (AR 231). Dr. Babar diagnosed hypertension, bursitis, depression and jaw-joint pain (AR 231). A pelvic x-ray ordered on that day for bursitis and bilateral hip pain revealed a "normal pelvic x-ray exam" (AR 235). Approximately ten months later, on April 6, 2011,Dr. Babar completed a form entitled "Medical Opinion Re: Ability to Do Work-Related Activities (Physical)" which stated that plaintiff suffered from muscle weakness, fibromyalgia, parasthesis, and all over joint pain "especially in shoulders" (AR 242). Due to these

9

medical findings, plaintiff had the following limitations: plaintiff could lift less than 10 pounds; she had the ability to stand and walk about 2 hours in an 8-hour day; she had the ability to sit for about 2 hours in an 8-hour day; she could sit and stand for only 15 minutes without changing position; she had to walk around every 15 minutes for 5 minutes at a time; she required the ability to shift at will from sitting, standing and walking; and, she needed to lie down at least once during an 8-hour working shifts (AR 242). Dr. Babar stated that due to plaintiff had postural limitations she could only occasionally twist, stoop (bend), crouch, climb stairs, and climb ladders, and, that plaintiff's "over all joint pain - especially shoulders" affected her reaching, fingering, pushing/pulling and handling (gross manipulation) (AR 243). The doctor based these limitations on plaintiff's office visit on April 1, 2011; however, no treatment notes for this visit appear in the administrative record. The doctor indicated that plaintiff should "avoid even moderate exposure" to extreme heat, extreme cold, and high humidity (AR 243). Finally, the doctor indicated that "on average" plaintiff's "impairment or treatment" would cause her to be absent from work "about three days per month" (AR 243).

The ALJ discounted the doctor's opinions:

> I give very little weight to the opinion of Dr. Babar as it is not supported by Dr. Babar's own records, nor any other medical evidence of record. It appears the claimant has been seen only three times in Dr. Babar's clinic and only once by him. This opinion appears to be based entirely upon claimant's self-report and Dr. Babar's conjecture. While Dr. Babar advised these limitations were based upon a diagnosis of fibromyalgia, this is the first time this diagnosis has been mentioned throughout the record.

(AR 16). The ALJ has articulated good reasons for not crediting Dr. Babar's opinions as expressed on this form. This claim of error is denied.

### C. The ALJ did not consider plaintiff's combined impairments

Plaintiff contends that the ALJ did not consider the combined effects of her impairments. The Social Security Act requires the agency "to consider the combined effects of impairments that individually may be non-severe, but which in combination may constitute a medically severe impairment or otherwise evince a claimant's disability." *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988); 20 C.F.R. § 404.1523 ("In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). The Sixth Circuit has found that an ALJ's analysis of a claimant's combined impairments sufficient where the ALJ referred to a "combination of impairments" in deciding the claimant did not meet the listings, the ALJ referred to the claimant's "impairments" as not being severe enough to preclude performance of his past relevant work, the ALJ's decision was made after careful consideration of the "entire record," and all of the claimant's impairments were discussed individually in the decision. *See Gooch v. Secretary of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). "To require a more elaborate articulation of the ALJ's thought process would not be reasonable." *Id.* The Sixth Circuit has also found that the ALJ properly considered the combined effects of the claimant's impairments where the ALJ's decision referred to the claimant's "severe impairments" and "combination of impairments." *See Loy v. Secretary of Health and Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990). Here, the ALJ referred to the issue as whether plaintiff was disabled under the Social Security Act "by reason of any medically determinable physical or mental impairment or combination of impairments" (AR 9). In addition,

the ALJ referred to his consideration of plaintiff's medically determinable impairments or combination of impairments in evaluating her disability claim (AR 10, 12). The ALJ also stated that he made his determination "[a]fter careful consideration of the entire record" (AR 13). The ALJ's decision indicates that he considered the combined effects of plaintiff's impairments. *See Loy*, 901 F.2d at 1310; *Gooch*, 833 F.2d at 592. Plaintiff's claim of error will be denied.

**D.     Plaintiff should have been determined disabled as of her 50th birthday on August 19, 2010.**

Finally, plaintiff contends that the ALJ should have found that plaintiff was disabled as an older individual as of her 50th birthday on August 19, 2010. Plaintiff does not articulate her reasoning in support of this contention. Apparently, plaintiff is referring to a finding of disability under the medical-vocational guidelines or "grids." The grids "take account only of a claimant's 'exertional' impairment, that is 'an impairment which manifests itself by limitations in meeting the strength requirements of jobs[.]' 20 C.F.R., Part 404, Subpt. P, App. 2 § 200.00(e)." *Abbott*, 905 F.2d at 926. The ALJ uses the grids to assist in determining whether a claimant can perform other work at step five of the sequential evaluation. *See Jordan v. Commissioner of Social Security*, 548 F.3d 417, 424 (6th Cir. 2008) (where a claimant suffers from an impairment limiting only her strength the agency can satisfy its burden at step five of the sequential evaluation through reference to the grids "without considering direct evidence of the availability of jobs that the particular claimant can perform"); *Bohr v. Bowen*, 849 F.2d 219, 221 (6th Cir. 1988) ("the grids are a shortcut that eliminate the need for calling in vocational experts"); *Siterlet v. Secretary of Health and Human Services*, 823 F.2d 918, 922 (6th Cir. 1987) (an ALJ may use the grids, rather than expert testimony, to show that a significant number of jobs exist in the economy when the claimant's characteristics fit the criteria of the guidelines). The ALJ properly resolved the disability claim at step four, when he found that

plaintiff could perform her past relevant work. Because plaintiff was found disabled at step four of the sequential evaluation, it was unnecessary for the ALJ to address plaintiff's disability under the grids.

### IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence. Accordingly, the Commissioner's decision will be affirmed pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will enter.


Dated:  March 19, 2013 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge